IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

CLARENCE SHAMBRY,

                    Petitioner,

        v.

UNITED STATES of AMERICA,

                    Respondent.

HON. JEROME B. SIMANDLE

Civil No. 06-375 (JBS)

**OPINION**

Appearances:

Clarence Shambry, #40654-050
F.C.I.-Hazelton
P.O. Box 2000
Bruceton Mills, WV 26525
        Petitioner Pro Se

Christopher Christie
United States Attorney
By:  Jason M. Richardson
Assistant U.S. Attorney
401 Market Street, 4th Floor
Camden, NJ 08101
        Attorney for Respondent

**SIMANDLE**, District Judge:

**I. INTRODUCTION**

        This matter comes before the Court upon petitioner Clarence

Shambry's ("Shambry" or "Petitioner") habeas corpus petition to

set aside or correct his sentence under 28 U.S.C. § 2255. [Docket

Item No. 1.]  On September 9, 2003, Shambry was adjudicated

guilty by this Court of possessing a firearm as a previously

convicted felon, in violation of 18 U.S.C. § 922(g)(1).  (J. &

Conviction Order, Gov't. Ex. E.)  On December 19, 2003, Shambry

was sentenced to 92 months imprisonment with three years

supervised release.  (Sentencing Hr'g Tr. at 25-26, Gov't. Ex. H.)  The term imposed reflects a sentence at the low end of the guideline range of 92-115 months, which was determined by Total Offense Level 24, Criminal History Category V.  (Id. at 23.)

Petitioner now brings this application for post-conviction relief pursuant to 28 U.S.C. § 2255, alleging in his submissions to this Court [Docket Items No. 1, 4] that his sentence should be vacated, set aside, or corrected.  Petitioner argues that the Government engaged in vindictive prosecution and did not provide sufficient evidence of his prior felony convictions in New Jersey state court.  (Pet'r's Pet. To Vacate at 1-4, Pet'r's 1st Am. At 1-3.)  Petitioner also filed a Second Amendment to his original petition [Docket Item No. 7] arguing that his Criminal History Score was improperly calculated by the U.S. Probation office prior to sentencing.  (Pet'r's 2d Am. at 4.)  The petition will be denied in its entirety because the claims in Shambry's initial petition and first amendment are without merit, and his Second Amendment is both procedurally barred and without merit.

## II. BACKGROUND

Petitioner Clarence Shambry was charged by the Camden Police Department with numerous violations of state law on or about October 18, 2002.[1]  (Presentence Rep. at 10, Gov't. Ex. G.)  On

---

[1]  All state law counts were administratively dismissed on January 13, 2003 in light of Petitioner's Federal indictment. (Presentence Rep. at 10, Gov't. Ex. G.)

2

January 7, 2003, a federal grand jury returned a one-count
Indictment charging Shambry as a previously convicted felon who
was found in possession of a firearm, in violation of 18 U.S.C. §
922(g)(1)-(2).  (Indictment, Gov't. Ex. A.)

On or about June 20, 2003, Petitioner filed a motion to
suppress physical evidence (the firearm) due to an allegedly
unconstitutional search and seizure.  (Gov't's Answer at 2.)
This Court conducted an evidentiary hearing on July 17, 2003.
(Mot. Suppress Hr'g. Tr., Gov't Ex. K.)  On August 5, 2003, the
Court denied Petitioner's motion to suppress.  (Op. Den. Mot.
Suppress, Gov't Ex. B.)  On August 9, 2003, Petitioner waived his
right to a jury trial.  (Waiver of Jury Trial, Gov't Ex. C.)  At
his bench trial before the undersigned on September 9, 2003,
Petitioner stipulated that the firearm had an obliterated serial
number, was loaded and operable, was recovered from Petitioner's
person, and that Petitioner was convicted of a crime punishable
by imprisonment for a term exceeding one year[2] prior to October
18, 2002. (Stipulations, Gov't. Ex. D; Trial Tr. at 7-9, Gov't.
Ex. L.)  The sole issue tried was whether the firearm had moved
in or affected interstate commerce as required by 18 U.S.C.
922(g).  (Trial Tr. at 7.)  The Government presented expert
testimony on this issue from Bureau of Alcohol Tobacco Firearms
and Explosives Special Agent John Leonard.  (Id. at 10-36.)

---

[2]  See 18 U.S.C. § 922(g)(1).

3

Based on the evidence, the Court adjudicated Petitioner guilty of being a previously convicted felon in possession of a firearm that had moved in or affected interstate commerce in violation of 18 U.S.C. 922(g)(1).  (Id. at 61.)

Petitioner filed a motion for judgment of acquittal pursuant to Fed. R. Crim. P. 29.  (Gov't's Answer at 2.)  The Court denied Petitioner's motion on October 6, 2003.  (Order Den. Rule 29 Mot., Gov't Ex. F.)

Thereafter, a Presentence Investigation Report was prepared by the United States Probation Office.  (Presentence Rep., Gov. Ex. G.)  The Report assigned a two-level enhancement to Petitioner's Total Offense Level, mandated by the United States Sentencing Guidelines ("U.S.S.G") § 2K2.1(b)(4)[3] because the firearm had a defaced or obliterated serial number.  (Id. at 5.) Petitioner's Total Offense Level with the enhancement was 26. (Id.)  Petitioner's past criminal convictions placed him in a Criminal History Category of V.  (Id. at 9-10.)  Based on these calculations, the Guideline range for imprisonment was 110 to 137 months.  (Id. at 12; U.S.S.G. Ch. 5 Pt. A-Sentencing Table (Apr. 2003)).  The Court awarded Petitioner a 2-level reduction for accepting responsibility pursuant to U.S.S.G. § 3E1.1(a).

---

[3]  The 2-level enhancement is based on the April 2003 version of the Sentencing Guidelines, used in Petitioner's sentencing.  The most recent 2008 version calls for a 4-level enhancement.

(Sentencing Hr'g. Tr. at 23, Gov't Ex. H.)  This reduced Petitioner's Total Offense Level to 24, resulting in a Guideline range of 92 to 115 months imprisonment. (Id. at 23-24, U.S.S.G. Ch. 5 Pt. A-Sentencing Table (Apr. 2003)).  The Court sentenced Petitioner to 92 months imprisonment, reflected in a Judgment and Conviction Order entered on January 27, 2004.  (Gov't. Ex. E.)

Petitioner appealed his conviction to the United States Court of Appeals for the Third Circuit, which affirmed this Court's ruling on December 22, 2004.  See United States v. Shambry, 392 F.3d 631 (3d. 2004).  Petitioner filed a Writ of Certiorari to the United States Supreme Court on March 18, 2005. (Gov't's. Answer at 4.)  The Court denied Certiorari on April 25, 2005.  See Shambry v. United States, 544 U.S. 1006 (2005).

Petitioner timely filed the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 on January 24, 2006. [Docket Item No. 1.]  The Court sent Petitioner a notice informing him that pursuant to United States v. Miller, 197 F.3d 644 (3d. Cir. 1999), he must include all potential claims under § 2255 in a single petition. [Docket Item No. 2.]  The Court gave Petitioner 45 days to advise the Court whether he wished to have his petition ruled on as filed, or withdraw the petition and file an all-inclusive § 2255 petition, subject to the 1-year statute of limitations mandated by the Antiterrorism Effective Death Penalty Act ("AEDPA") in 28 U.S.C. § 2255.  Petitioner filed a

response to this notice on March 9, 2006 [Docket Item No. 4] within the 45-day period, but did not directly respond to the Court's inquiry or raise any new claims.  (Pet'r's. 1st Am.)  The Court ordered the Government to answer on March 10, 2006 [Docket Item No. 5] and their answer was filed on April 24, 2006 [Docket Item No. 6].

Petitioner filed a Second Amendment to his § 2255 petition on June 27, 2006 ("Second Amendment"). [Docket Item No. 7.]  The Government indicated that because Petitioner had not brought new claims in response to the <u>Miller</u> notice, the Government did not intend to respond to Petitioner's Second Amendment unless ordered to do so by the Court.  (Gov. Letter, 6-26-06.)  For the reasons explained below, the Court shall deny this petition in its entirety.

## III. DISCUSSION

### A.  Petitioner's Claims Are Without Merit

#### 1.  Petitioner Has Not Made a Prima Facie Showing of Vindictive Prosecution

In his initial petition and first amendment, Petitioner alleges vindictive prosecution by the Government in retaliation against him for going to trial.  (Pet'r's Pet. to Vacate at 1-4; Pet'r's 1st Am. At 1-3.)

The prosecution is given broad discretion before trial to select what charges to bring, placing a high burden on claimants

seeking to show vindictive prosecution.  See United States v. Goodwin, 457 U.S. 368, 382 (1982).  This discretion is limited only by the requirement that a charging decision not be "'deliberately based upon an unjustifiable standard such as race, religion, or other arbitrary classification.'"  Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978) (quoting Oyler v. Boyles, 368 U.S. 448, 456 (1962)).

A petitioner may make a prima facie case of vindictive prosecution by either: (1) "us[ing] evidence of a prosecutor's retaliatory motive to prove actual vindictiveness" or (2) "show[ing] facts sufficient to give rise to a presumption of vindictiveness." United States v. Paramo, 998 F.2d 1212, 1220 (3d Cir. 1993) (citing Goodwin, 457 U.S. at 374, 380 & n.12).  The Supreme Court held in Goodwin that the addition of charges while preparing for trial generally does not give rise to a presumption of vindictiveness, stating that "in the course of preparing a case for trial, the prosecutor may uncover additional information that suggests a basis for further prosecution."  457 U.S. at 381 n.13.  Several Circuits follow this approach.  See Paradise v. Conn. Corr. Inst. Warden, 136 F.3d 331, 335 (2d Cir. 1998) ("presumption of prosecutorial vindictiveness does not exist in a pretrial setting"); United States v. Bullis, 77 F.3d 1553, 1559 (7th Cir. 1996) ("presumption of vindictiveness does not arise where, prior to trial, the prosecutor brings enhanced

7

charges following the defendant's exercise of a procedural right"); <u>United States v. Williams</u>, 47 F.3d 658, 661 (4th Cir. 1995) ("In the pretrial situation . . . a defendant must show that a prosecutor's decision to bring more severe charges against him was motivated by actual vindictiveness").

Petitioner claims that the Government engaged in vindictive prosecution, retaliating against him for going to trial. (Pet'r's Pet. to Vacate at 1-4; Pet'r's 1st Am. at 1-3.)  To support this claim, Petitioner alleges that he was not awarded a 2-level reduction in his Total Offense Level for accepting responsibility pursuant to U.S.S.G. 3E1.1(a), and that the Government improperly enhanced his Total Offense Level by two levels pursuant to U.S.S.G. 2K2.1(b)(4) because the firearm he possessed had an obliterated serial number.  Because Petitioner did receive a downward adjustment for acceptance of responsibility, and the enhancement for the serial number was mandatory and properly applied, these facts do not show actual vindictiveness or give rise to a presumption of vindictiveness. Therefore, Petitioner has not made a prima facie showing of vindictive prosecution.

### a.  Petitioner Did Receive Downward Adjustment for Acceptance of Responsibility

Petitioner alleges as evidence of retaliation that he should have received a downward adjustment for accepting responsibility. (Pet'r's Pet. to Vacate at 1, Gov't's Answer at 7.)

Pursuant to U.S.S.G. § 3E1.1(a),[4] a criminal defendant's total offense level may be decreased by two levels "[if] the defendant clearly demonstrates acceptance of responsibility for his offense." United States Sentencing Commission, Guidelines Manual, § 3E1.1(a) (Apr. 2003), quoted in United States v. DeLeon-Rodriguez, 70 F.3d 764, 767 (3d Cir. 1995). In rare situations, a defendant may demonstrate acceptance of responsibility even though he exercises his right to trial if he asserts only issues not relating to factual guilt (such as a constitutional challenge to a statute). DeLeon-Rodriguez, 70 F.3d at 767; U.S.S.G. § 3E1.1, comment (n.2).

Petitioner stipulated before his trial to being a convicted felon and to possessing the firearm and challenged only whether the Government had sufficient evidence that the firearm had moved in or affected interstate commerce as required by 18 U.S.C. § 922(g). (Trial Tr. at 7-9, Gov't. Ex. L.) At Petitioner's December 19, 2002 sentencing hearing, Counsel for both the Government and Petitioner agreed that a two-level downward departure would be proper under U.S.S.G. § 3E.1.1 if Petitioner accepted responsibility for the crime at the hearing. (Sentencing Hr'g. Tr. at 11-13, Gov't. Ex. H.) The Court agreed that Petitioner would be eligible for the downward departure and asked

_____

[4] The April 2003 Edition of the Sentencing Guidelines was used to determine Petitioner's sentence. (Presentence Rep. at 5, Gov't. Ex. G.)

Petitioner to accept responsibility for possessing the firearm as
a convicted felon.  (Id. at 16.)  The Petitioner declined.  (Id.)
Later in the proceedings, the Government's Counsel reminded the
Court that Petitioner had stipulated before trial to being a
convicted felon and to possessing the firearm with an obliterated
serial number.  (Id. at 21.)  Because Petitioner had stipulated
to these facts and never disputed them, the Court considered him
to have accepted responsibility and awarded the two-level
reduction.  (Id. at 22-23.)  As a result, Petitioner's minimum
sentence was reduced from 110 months to 92 months, a downward
departure of 18 months.  (Id. at 24.)

As the record clearly shows, Petitioner did receive a
reduction in his Total Offense Level for accepting
responsibility.  Therefore, Petitioner's claim that the
Government retaliated against him by not awarding the reduction
is simply erroneous and does not show actual prosecutorial
vindictiveness or give rise to a presumption of vindictiveness.

### b.   The Mandatory Enhancement for Obliterated Serial Number Was Proper and Not Retaliatory

Petitioner also alleges that his sentence was unlawfully
enhanced without warning because the firearm in his possession
had an obliterated serial number, and that this was retaliation
for asserting his right to a trial.  (Pet'r's Pet. to Vacate at
3; Pet'r's 1st Am. at 1; Govt's Answer at 7.)

The 2003 Sentencing Guidelines instruct that "if any firearm

10

had an altered or obliterated serial number, increase
[defendant's offense level] by two levels." U.S.S.G. §
2K2.1(b)(4) (Apr. 2003). This enhancement is mandatory and a
strict liability enhancement, applying "regardless of whether the
defendant knew or had reason to believe that the firearm . . .
had an altered or obliterated serial number." Id. at § 2K2.1,
comment. (n.16). The Third Circuit, following the approach of
several other Circuits, held that § 2K2.1(b)(4)[5] has no implied
scienter element, and that the enhancement does not violate the
Due Process Clause of the Fifth Amendment. United States v.
Mobley, 956 F.2d 450, 459 (3d Cir. 1992). See also United States
v. Singleton, 946 F.2d 23 (5th Cir. 1991); United States v.
Taylor, 937 F.2d 676 (D.C. Cir. 1991); United States v. Peoples,
904 F.2d 23 (9th Cir. 1990); United States v. Anderson, 886 F.2d
215 (8th Cir. 1989).

     Petitioner stipulated to the fact that he possessed a
firearm with an obliterated serial number before his trial.
(Stipulations, Gov't. Ex. D.) As the enhancement is a strict-
liability enhancement with no knowledge element, the Government's
only burden is to prove that the firearm had an obliterated
serial number when possessed by Petitioner. There is ample

---

     [5] In Mobley, the Court of Appeals discusses § 2K2.1(b)(2)
(Nov. 1990). The identical provision appears in the April 2003
edition, used in the instant case, at § 2K2.1(b)(4). See Mobley,
956 F.2d at 451.

evidence in the record that satisfies the Government's burden, including the Petitioner's own stipulations (Gov't. Ex. D), and testimony from the motion to suppress and the trial (Gov't. Ex. K, L).  The Indictment (Gov't. Ex. A) put Petitioner on notice that the Government was accusing him of possession of a firearm with an obliterated serial number.  This evidence shows that Petitioner was aware throughout the pretrial and trial process that the serial number was obliterated.  Thus, the application of the two-level enhancement was not "without warning" as Petitioner claims.

Moreover, as the enhancement was mandated by the Guidelines, it does not constitute an increase in punishment by the Government in retaliation against Petitioner for going to trial.[6] The Court retains discretion in applying the Sentencing Guidelines, and applied the enhancement because it was proper to do so in this case.  Therefore, Petitioner's two-level enhancement under U.S.S.G. § 2K2.1(b)(4) is not evidence of actual prosecutorial vindictiveness and does not give rise to a presumption of vindictiveness.

---

[6] As discussed above, even if the Government had added charges carrying increased punishment after Petitioner decided to go to trial, this would not give rise to a presumption of vindictiveness under Goodwin, 457 U.S. at 381-82.

## 2. The Government Provided Sufficient Evidence of Petitioner's Prior Convictions

Petitioner claims that the Government did not produce sufficient evidence of his prior felony convictions to be used in the sentencing calculation.[7]  (Pet'r's Pet. to Vacate at 1; Pet'r's 1st Am. at 1; Gov't's Answer at 7.)  However, the Government did provide Petitioner and the U.S. Probation Office with certified copies from the Superior Court of New Jersey of Petitioner's two felony convictions: one for Possession of a Controlled Dangerous Substance ("CDS") with Intent to Distribute and one for Possession of CDS with Intent to Distribute within 1000 Feet of a School.  (Gov't. Ex. J.)  Both of these offenses are punishable by imprisonment for a term exceeding one year, satisfying the requirement of 18 U.S.C. § 922(g)(1).[8]  Certified copies of court records are generally sufficient to establish a previous conviction under Fed. R. Evid. 803(8).  See United

---

[7]  The exact nature of this claim is unclear. Petitioner states that the Government did not provide sufficient evidence to consider him a recidivist under the "New Jersey Habitual Criminal Act."  (Pet'r's Pet. to Vacate at 1.)  It appears that Petitioner has simply lifted a sentence from Bordenkircher concerning the Kentucky Habitual Criminal Act and substituted "New Jersey" for "Kentucky."  The Government correctly points out that as Petitioner was prosecuted in Federal court, the Federal Criminal Code and Rules of Evidence applied rather than any state statute. (Gov't's Answer at 20 n.5.)

[8]  Both offenses are defined as crimes of the third degree by New Jersey law.  See N.J. Stat. Ann. §§ 2C:35-5b(3), :35-7. Crimes of the third degree in New Jersey are punishable by imprisonment for a term of three to five years.  Id. at § 2C:43-6a(3).

States v. Huffhines, 967 F.2d 314, 320 (9th Cir. 1992); United States v. Vidaure, 861 F.2d 1337, 1341 (5th Cir. 1988). Moreover, Petitioner stipulated to having been convicted of a felony offense before trial.  (Stipulations, Gov't Ex. D.) Therefore, the Government did provide sufficient evidence of Petitioner's prior convictions.

**B.   Petitioner's Second Amendment is Procedurally Barred**

Petitioner's Second Amendment to his § 2255 petition is procedurally barred, as it is untimely and does not relate back to any timely raised claim in his initial petition.

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") places strict limitations on habeas petitions, providing a prisoner with just one year to file a request for relief under 28 U.S.C. § 2255.  Section 2255 provides that the one-year limitations period runs from the latest of:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been

14

discovered   through   the   exercise   of   due
diligence.

In <u>United States v. Miller</u>, the Third Circuit expressed concern
that pro-se petitioners have fair notice of the effects of AEDPA
on their ability to collaterally attack their sentences:

> [D]istrict courts must first take certain
> prophylactic measures before . . . ruling on a
> § 2255 motion . . . . [W]e prescribe that upon
> receipt of a pro se pleading challenging an
> inmate's conviction or incarceration . . .
> district courts should issue a form notice to
> the petitioner regarding the effect of such a
> pleading in light of AEDPA. This
> communication should advise the petitioner
> that he can (1) have his motion ruled upon as
> filed; (2) if his motion is not styled as a §
> 2255 motion, have his motion recharacterized
> as a § 2255 motion and heard as such, but lose
> his ability to file second or successive
> petitions absent certification by the court of
> appeals; or (3) withdraw his motion and file
> one all-inclusive § 2255 petition within the
> one-year statutory period prescribed by AEDPA
> in § 2255.

<u>Miller</u>, 197 F.3d at 646.  The court further urged the District
Courts to provide a time-frame for petitioners to respond to the
notice.  <u>Id.</u> at 652.

    In the instant case, Petitioner's one-year statute of
limitations began running when his conviction became final
pursuant to 28 U.S.C. § 2255(1), as he has not offered any claims
that would support one of the alternative dates available under §
2255 (2)-(4).  A judgment of conviction is final under § 2255
when the Supreme Court affirms the conviction and sentence on the

15

merits or denies a timely filed petition for certiorari.  <u>Kapral</u> <u>v. United States</u>, 166 F.3d 565, 570 (3d Cir. 1999).

Petitioner timely filed a petition for certiorari to the Supreme Court which was denied on April 25, 2005.  <u>See</u> <u>Shambry v.</u> <u>United States</u>, 544 U.S. 1006 (2005).  Thus, Petitioner's conviction became final that day and his one-year period in which to seek relief under § 2255 expired on April 26, 2006.  His initial petition was timely filed on January 24, 2006 [Docket Item No. 1] and the Court sent the notice required by <u>Miller</u>, giving Petitioner forty-five days to respond [Docket Item No. 2]. Petitioner filed a response on March 9, 2006 [Docket Item No. 4] within the forty-five days, but did not raise any new claims. (Pet'r's 1st Am.)  On June 27, 2006, after Petitioner's one-year limitation period had expired and after the forty-five days had passed, he filed a Second Amendment to his petition [Docket Item No. 7].

The Federal Rules of Civil Procedure apply to motions to amend habeas corpus petitions.  <u>United States v. Duffus</u>, 174 F.3d 333, 336 (3d Cir. 1999), <u>cert. denied</u>, <u>Duffus v. United States</u>, 528 U.S. 866 (1999).  Rule 15(a)(1)(A) provides that a party may amend its pleading once as a matter of course before being served with a responsive pleading.  The Government filed their answer on April 21, 2006, [Docket Item No. 6] before Petitioner filed his Second Amendment on June 27, 2006, so the amendment is proper

16

"only with the opposing party's written consent or the court's leave.  The Court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).

Petitioner's Second Amendment states a new claim not raised in his initial petition.  Because he filed the Second Amendment after his one-year limitation period under AEDPA had expired, the claim would only be timely if it related back by "assert[ing] a claim or defense that arose out of the conduct, transaction, or occurrence set out . . . in the original pleading."  Fed. R. Civ. P. 15(c)(1)(B).  In Duffus, the Third Circuit held that a petitioner cannot add a completely new theory of relief or new claim after the one-year limitation period mandated by AEDPA has expired.  174 F.3d at 336-38.  The Court further noted that the District Court "could have permitted an amendment to clarify a claim initially made."  Id. at 337.

In Mayle v. Felix, the Supreme Court addressed a circuit split regarding the "meaning of Rule 15(c)(2)'s[9] relation-back provision in the context of federal habeas proceedings and AEDPA's one-year statute of limitations."  545 U.S. 644, 656 (2005).  At issue was whether the "transaction or occurrence" to which an amendment related back could be defined broadly to allow relation back of any claim arising from the same trial and

---

[9]  Currently, the relation-back provision is numbered as Rule 15(c)(1)(B).

conviction,[10] or whether it should be defined more narrowly,
allowing relation back only of claims that clarify facts in
support of a timely claim.[11]  Id. at 653-54.  The Supreme Court
agreed with the approach of the Third Circuit in Duffus, along
with a majority of other Circuits, holding that "an amended
habeas petition . . . does not relate back (and thereby escape
AEDPA's one-year time limit) when it asserts a new ground for
relief supported by facts that differ in both time and type from
those the original pleading set forth."  Id. at 649-50.  The
Court further noted:

> Congress enacted AEDPA to advance the finality
> of criminal convictions.  To that end, it
> adopted a tight time line, a one-year
> limitation period . . . .  If claims asserted
> after the one-year period could be revived
> simply because they relate to the same trial,
> conviction, or sentence as a timely filed
> claim, AEDPA's limitation period would have
> slim significance.

Id. at 662 (citations omitted).  Therefore, under the Supreme

---

[10]  See Felix v. Mayle, 379 F.3d 612, 614 (9th Cir. 2004);
Ellzey v. United States, 324 F.3d 521, 525-27 (7th Cir. 2003)
(both holding that if original petition is timely filed,
amendments referring to the same trial and conviction may relate
back).

[11]  See United States v. Hicks, 283 F.3d 380, 388-89 (D.C.
Cir. 2002); United States v. Espinoza-Saenz, 235 F.3d 501, 503-
505 (10th Cir. 2000); Davenport v. United States, 217 F.3d 1341,
1344-46 (11th Cir. 2000); United States v. Pittman, 209 F.3d 314,
317-318 (4th Cir. 2000); United States v. Duffus, 174 F.3d 333,
337 (3d Cir. 1999); United States v. Craycraft, 167 F.3d 451, 457
(8th Cir. 1999) (all holding that the relevant transaction must
be defined more narrowly than the trial and conviction).

Court's holding in <u>Felix</u>, Petitioner's new claim cannot relate back if it attacks the same conviction or sentence on new grounds.  <u>See also</u> <u>United States v. Massara</u>, 174 Fed. Appx. 703, 707 (3d Cir. 2006) (applying <u>Felix</u> to hold a petitioner's amended claim did not relate back because it was "not tied to a common core of operative facts"); <u>Reyes v. United States</u>, 2007 WL 38852, at *6 (D.N.J. Jan. 4, 2007) (applying <u>Felix</u> to hold a petitioner's amended claims did not relate back because they "focus[ed] on different events in different time periods").

Petitioner's Second Amendment does not meet the <u>Felix</u> standard for relation back.  Petitioner alleges that the U.S. Probation Office made an error in calculating his Criminal History Category by assigning the wrong number of points to his previous felony convictions in New Jersey state court, resulting in a longer sentence.  (Pet'r's 2d Am. at 4.)  This is a new ground for relief that Petitioner failed to include in his initial petition, even though the contents of the Presentence Report were available to him at the time of filing.  Nor, after the Court apprised him of the need for completeness in his § 2255 petition, did he assert this claim in his first amendment. Petitioner's Second Amendment does not clarify facts that support one of his timely claims, nor does it state a claim arising from the same precise events as any of his timely claims.  His new claim arises from the calculation of his Criminal History

Category by the U.S. Probation Office, which was never discussed in his initial petition or first amendment in response to the Court's <u>Miller</u> notice.  Although Petitioner's original claims also concern the length of his sentence, under <u>Felix</u>, a claim cannot relate back merely because it arises from the same conviction or sentence.  545 U.S. at 662.

Therefore, Petitioner's Second Amendment is procedurally barred, as it was filed more than one year from the date his conviction became final and does not relate back to the initial petition.

### C.   **Even if Procedurally Allowed, Petitioner's Amendment Claim is Meritless**

Petitioner argues that the U.S. Probation Office miscalculated his Criminal History Category by assigning three points to each of two previous convictions that were consolidated for sentencing purposes and sentenced to concurrent terms in New Jersey state court, instead of assigning them a total of three points by considering the convictions "as one charge."  (Pet'r's 2d Am. at 4.)  Petitioner claims that failure to consider the two convictions as one offense for sentencing gave him a Criminal History Category of V and an Offense Level of 24 (92-115 months), and that a correct calculation would have given him a Criminal History Category of IV and an Offense Level of 21 (57-71 months).  (Id. at 7, U.S.S.G. Ch. 5 Pt. A-Sentencing Table (Apr. 2003)).

20

The Guidelines increase a defendant's Criminal History Score by three points for every prior felony conviction resulting in a term of imprisonment exceeding one year and one day.  U.S.S.G. § 4A1.1(a) (Apr. 2003).  Prior sentences that are "related," however, are grouped together for purposes of Criminal History Score calculation, and only given the number of points attributable to the highest level sentence in the group.  Id. at § 4A1.2(a)(2).  "Prior sentences are not 'related' if they were for offenses that were separated by an intervening arrest."  Id. at § 4A1.2, Application Note 3; United States v. Hallman 23 F.3d 821, 825 n. 3 (3d Cir. 1994), cert. denied, 513 U.S. 881 (1994).  When an intervening arrest separates the offenses at issue, consolidation of sentencing does not make the offenses related for purposes of computing criminal history.  Hallman, 23 F.3d at 824.  Thus, as explained below, the Presentence Report properly listed the two state offenses as separate when determining Petitioner's Criminal History Category.

On October 12, 1999, Petitioner was arrested and charged with Possession of a Controlled Dangerous Substance ("CDS") with Intent to Distribute.[12]  (Presentence Rep. at 8, Gov't. Ex. G.) Over three months later, on January 22, 2000, Petitioner was separately arrested and charged with Possession of CDS,

---

[12]  Petitioner pled guilty to this offense on April 14, 2000.  (Presentence Rep. at 8, Gov't Ex. G.)

Possession of CDS with Intent to Distribute, and Possession of CDS with Intent to Distribute within 1000 Feet of a School.[13] (Id. at 9.)  Petitioner was sentenced on June 12, 2000 to a term of three years for the 1999 Possession of CDS, and four years for the 2000 Possession of CDS within 1000 Feet of a School, to be served concurrently in New Jersey State Prison.  (Id. at 8-9.) Although the sentences ran concurrently, these two convictions are not "related" for purposes of U.S.S.G. § 4A1.2(a)(1) because Petitioner was arrested for the first offense prior to committing the second.  The Probation Office therefore did not misapply the Guidelines in computing the Petitioner's Criminal History Category because Petitioner's arrests were not "related."

Petitioner also argues that his two convictions constitute the same offense deserving of only one penalty (and by extension, only three Criminal History Points) when applying the rule from Blockburger v. United States, 284 U.S. 299 (1932).  (Pet'r's 2d Am. at 5.)  The Supreme Court stated in Blockburger that "where the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether

---

[13]  The first two counts from this arrest were dropped, leaving only Possession of CDS with Intent to Distribute within 1000 Feet of a School.  Petitioner pled guilty to this count on April 18, 2000.  (Presentence Rep. At 9, Gov't Ex. G.)

22

each provision requires proof of a fact which the other does not." Id. at 304.

Petitioner's reliance on Blockburger is unsound, as his two arrests for Possession of CDS cannot be considered "the same act or transaction," having occurred over three months apart.  They were two separate criminal acts.  As the Court in Blockburger noted: "Each of several successive [acts] constitutes a distinct offense, however closely they may follow each other. . . .  The test is whether the individual acts are prohibited, or the course of action which they constitute.  If the former, then each act is punishable separately." Id. at 302 (internal quotation omitted). Therefore, since each instance of Possession of CDS was a separate, punishable act, the Blockburger rule concerning multiple offenses arising from a single act or transaction is inapplicable to Petitioner's situation.  His Criminal History Category was correctly determined as Category V.

Therefore, regardless of procedural default, Petitioner's Second Amendment claim is meritless.

**IV. CONCLUSION**

For the foregoing reasons, Petitioner's § 2255 petition for post-conviction relief will be denied in its entirety.  The accompanying Order is entered.


**August 4, 2008**                     **s/ Jerome B. Simandle**
Date                            JEROME B. SIMANDLE
                                United States District Judge